Gamma Law, P.C.
Duy Thai, SBN 157345
Email: dthai@gammalaw.com
Bruno Tarabichi, SBN 215129
Email: btarabichi@gammalaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: 415.901.0510
Facsimile: 415.422.9962

Attorneys for Plaintiff
COVER Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVER CORPORATION, a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASAKI YAMASHITA, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. _____<br><br>PLAINTIFF COVER CORPORATION'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff COVER Corporation ("Plaintiff" or "COVER"), by its attorneys, for its Complaint in this action alleges:

## PARTIES

1.  Plaintiff COVER is a corporation organized and existing under the laws of Japan having its principal place of business at Tokyo Mita Garden Tower, 3-5-19, Mita, Minato-ku, Tokyo 108-0073, Japan.

2.  Defendant Masaki Yamashita ("Defendant" or "Yamashita") is an individual having an address at 3-5-7 Miyanishi, 2nd Floor, Matsuyama City, Ehime Prefecture 790-0065, Japan with an email address at buddha2434fan@gmail.com.

3.  Plaintiff does not know the true names of the other Defendants sued herein as Does 1 through 10, inclusive, and therefore, sues these Doe Defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a), as this action involves substantial claims arising under the Copyright Act, as amended, 17 U.S.C. § 101 *et seq*.

5.  Defendant is subject to personal jurisdiction in this district because Defendant has explicitly consented to personal jurisdiction in this judicial district and because Plaintiff's causes of action contained herein arises out of or results from Defendant's contacts with this judicial district.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and/or because pursuant to 28 U.S.C. § 1391(c), the defendant is subject to personal jurisdiction in this judicial district.

**FACTS RELEVANT TO ALL CLAIMS**

**Plaintiff's Hololive Business and Copyrighted Avatar Characters**

7. Plaintiff is a Japanese entertainment company founded in 2016 and headquartered in Tokyo. In 2017, Plaintiff launched its hololive production division ("Hololive") to support online streamers who use virtual avatars ("VTubers") to perform and interact with fans. Plaintiff and its Hololive operate globally. More information about Plaintiff's business and its mission can be accessed at www.cover-corp.com.

8. The VTuber industry is a fast growing entertainment sector, and through Hololive, Plaintiff helps VTubers establish, maintain, and monetize their online presences, including by facilitating the coordination of events and collaborations. With regard to such events and collaborations, Plaintiff has been growing its engagement with the American market in recent years, particularly in California. For example, Plaintiff recently had a significant VTuber livestream event with the Los Angeles Dodgers on July 5, 2025, and a VTuber concert at Radio City Music Hall in New York on August 23-24, 2025

9. In terms of intellectual property, Plaintiff owns, or has been irrevocably assigned, and maintains intellectual property rights to the avatars used by the VTubers, as well as the resulting work product. More specifically, Plaintiff owns, or has been irrevocably assigned, the exclusive copyright rights and interests to the avatar characters used by the VTubers, and has registered over 100 of these avatar characters with the U.S. Copyright Office.

10. At issue in this action are 20 specific avatar characters, namely, Amane Kanata, Takane Lui, Shirogane Noel, Usada Pekora, Azki, Akai Haato, Sakura Miko, Natsuiro Matsuri, Shishiro Botan, Tokoyami Towa, Ichijou Ririka, Harusaki Nodoka, Kikirara Vivi, Himemori Luna, Momosuzu Nene, Yukihana Lamy, Kiryu Coco, Hakui Koyori, Houshou Marine, and Hoshimachi Suisei (hereinafter, the "COVER Characters").

1         11.     Plaintiff owns copyright registrations for each of the COVER Characters. More specifically, Plaintiff owns U.S. Registration No. VA 2-456-777 for Amane Kanata, U.S. Registration No. VA 2-456-739 for Takane Lui, U.S. Registration No. VA 2-456-675 for Shirogane Noel, U.S. Registration No. VA 2-455-996 for Usada Pekora, U.S. Registration No. VA 2-456-672 for AZKi, U.S. Registration No. VA 2-456-282 for Akai Haato, U.S. Registration No. VA 2-457-255 for Sakura Miko, U.S. Registration No. VA 2-456-559 for Natsuiro Matsuri, U.S. Registration No. VA 2-456-321 for Shishiro Botan, U.S. Registration No. VA 2-456-906 for Tokoyami Towa, U.S. Registration No. VA 2-456-740 for Ichijou Ririka, U.S. Registration No. VA 2-456-588 for Harusaki Nodoka, U.S. Registration No. VA 2-456-591 for Kikirara Vivi, U.S. Registration No. VA 2-456-756 for Himemori Luna, U.S. Registration No. VA 2-456-769 for Momosuzu Nene, U.S. Registration No. VA 2-456-191 for Yukihana Lamy, U.S. Registration No. VA 2-456-574 for Kiryu Coco, U.S. Registration No. VA 2-456-006 for Hakui Koyori, U.S. Registration No. VA 2-456-678 for Houshou Marine, and U.S. Registration No. VA 2-455-998 for Hoshimachi Suisei (collectively, the "COVER Character Registrations"). Attached as **Exhibit A** are true and correct copies of the COVER Character Registrations.

          12.     Examples of some of the COVER Characters are depicted below.

| Amane Kanate | Momosuzu Nene | Tokoyami Towa |

13. The copyrighted COVER Characters have achieved global fame and popularity and constitute valuable intellectual property and a significant source of revenue for Plaintiff.

**Defendant's Willful Copyright Infringement on YouTube**

14. On or around early January 2026, Plaintiff discovered that Defendant had uploaded video content that infringes the COVER Characters onto his YouTube channel called @V_Virgin_Mary, which features 9.2 thousand subscribers as of the date of this Complaint. More specifically, Plaintiff discovered that Defendant had uploaded 68 different infringing videos that reproduced, and/or contained derivative works of, the COVER Characters (hereinafter, the "Infringing Videos"). These Infringing Videos specifically identified the COVER Characters by name, making it clear that Defendant's infringement was intentional and willful. Attached as **Exhibit B** is a chart listing the URL of each of the Infringing Videos and the COVER Character and COVER Character Registration being infringed.

15. As an example, a screenshot of one of the Infringing Videos on Defendant's YouTube channel is depicted below.



As shown in the screenshot above, Defendant has both referenced Plaintiff's copyrighted avatar character by name, Amane Kanata, and reproduced Plaintiff's copyrighted character in the video. For comparison purposes, Plaintiff's copyrighted Amane Kanata character is depicted in Paragraph 12 above.

16. Plaintiff attempted to address the Infringing Videos directly with YouTube, submitting 68 copyright violation claims (i.e., takedown notices). While some of the videos were taken down, either by Defendant or YouTube, in response to the initial takedown notices, Defendant began submitting counter notifications in response to other takedown notices.

17. Despite providing YouTube with evidence regarding Plaintiff's registered copyright and Defendant's willful infringement, because Defendant has submitted counter notifications denying infringement, Google/YouTube has taken the position that proof of legal action is required in order for the infringing content to remain removed. Accordingly, Plaintiff hereby brings this action for copyright infringement.

**FIRST CLAIM FOR RELIEF**
**FEDERAL COPYRIGHT INFRINGEMENT**
**UNDER THE COPYRIGHT ACT (17 U.S.C. § 501)**

18. Paragraphs 1–17, above, are realleged and incorporated by reference as if set forth in full.

19. Plaintiff owns or has been irrevocably assigned the exclusive rights and interests in and to the COVER Characters. Plaintiff owns valid copyrights in the COVER Characters, which have all been registered with the U.S. Copyright Office. The COVER Character Copyright Registrations are set forth in **Exhibit A**.

20. The COVER Characters are original works of authorship for which copyright protection exists under the Copyright Act. Plaintiff is the exclusive and registered copyright owner of the COVER Characters, and therefore has the exclusive rights of a copyright owner as provided under 17 U.S.C. § 106. Plaintiff has never

authorized, licensed, or otherwise permitted Defendant to reproduce, prepare derivative works, distribute, perform, display, or otherwise use the copyrighted COVER Characters.

21. Defendant had access to the copyrighted COVER Characters Copyrights, as the COVER Characters are widely accessible on each COVER Character's official YouTube channel. By way of example, Kanata Amane maintains an official YouTube video channel at @AmaneKanata:



22. Through his conduct as alleged herein, Defendant has reproduced, prepared derivative works, distributed, and/or publicly displayed the COVER Characters in the Infringing Videos. Defendant did so without Plaintiff's consent or authorization and accordingly, Defendant has violated or otherwise infringed Plaintiff's exclusive rights under 17 U.S.C. § 106, and are therefore liable to Plaintiff for direct copyright infringement under 17 U.S.C. § 501.

23. Defendant's acts of direct copyright infringement were committed with actual and constructive knowledge of Plaintiff's rights in the COVER Characters, such that said acts of copyright infringement were, and continue to be, intentional and willful.

24. Plaintiff has been harmed as a direct and proximate result of Defendant's infringing conduct alleged herein. Defendant has violated Plaintiff's exclusive rights in and to its copyrighted COVER Characters. Plaintiff has suffered damages as a direct and proximate result of Defendant's unauthorized use of the copyrighted COVER Characters.

25. For these reasons, Plaintiff is entitled to recover and seeks an award of actual damages in an amount to be determined at trial. Moreover, as a result of Defendant's infringing conduct alleged herein, Defendant has obtained unjust profits he otherwise would not have realized but for his infringement of the COVER Characters. Accordingly, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to and seeks an additional award of any profits of Defendant that are attributable to his infringement of the COVER Characters and not taken into account in computing actual damages, the amounts of which are to be determined at trial.

26. As an alternative to recovering actual damages and profits, pursuant to 17 U.S.C. § 504(c), Plaintiff reserves the right to elect to recover an award of statutory damages, including an increase in the award of statutory damages due to willful infringement.

27. Pursuant to 17 U.S.C. § 503, Plaintiff seeks an order for the removal, destruction or other reasonable disposition of the Infringing Videos found to have been made or used in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, and of all articles by means of which such copies may be reproduced.

28. Plaintiff further seeks a temporary restraining order, preliminary injunction, and permanent injunction restraining Defendant from further infringing the COVER Characters because: (a) Plaintiff has suffered and/or will suffer irreparable injury, (b) other remedies available at law, such as monetary damages, are inadequate to fully compensate Plaintiff for its injuries, (c) a remedy in equity is warranted, and (d) the public interest will be served by injunctive relief. Defendant will continue to commit such acts unless restrained and enjoined.

29.     Additionally, Plaintiff seeks pre- and post-judgment interest on the principal amounts it will recover from this action for direct copyright infringement, as well any appeal(s) thereof pursuant to applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant and relief as follows:

(i)     that pursuant to 17 U.S.C. § 502, the Court enjoin Defendant on such terms as it is reasonable to prevent or restrain infringement of Plaintiff's copyrighted works;

(ii)    that pursuant to 17 U.S.C. § 503, the Court order the impounding or destruction of all copies made or used in the infringement of Plaintiff's copyrighted works;

(iii)   that pursuant to 17 U.S.C. § 504, Plaintiff recover the actual damages suffered as a result of Defendant's infringement;

(iv)    that pursuant to 17 U.S.C. § 504, Plaintiff recover all of Defendants' profits attributable to Defendant's infringement;

(v)     that pursuant to 17 U.S.C. § 504, Plaintiff recover statutory damages, including an award of increased statutory damages for willful infringement;

(vi)    that pursuant to 17 U.S.C. § 505, Plaintiff recover its full costs and reasonable attorneys' fees;

(vii)   that Plaintiff recover prejudgment and post-judgment interest according to law; and

(viii)  that Plaintiff be awarded its costs and attorneys' fees as allowable by law and such other and further relief that this Court may deem just and equitable.

Dated: February 5, 2026

Respectfully submitted,

GAMMA LAW, P.C.

By. */s/ Bruno Tarabichi*
   Duy Thai
   Bruno Tarabichi
   Attorneys for Plaintiff
   COVER Corporation

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

Dated: February 5, 2026

Respectfully submitted,

GAMMA LAW, P.C.

By  */s/ Bruno Tarabichi*
Duy Thai
Bruno Tarabichi
Attorneys for Plaintiff
COVER Corporation

PLAINTIFF COVER CORPORATION'S COMPLAINT FOR COPYRIGHT INFRINGEMENT
*COVER Corporation v. Masaki Yamashita, et al.*