**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COVER Corporation, | **)** **Case No.: 3:26-cv-01117-JD** |
| Plaintiff, | **)** |
| | **)** |
| v. | **)** |
| | **)** |
| MASAKI YAMASHITA, | **)** |
| Defendant. | **)** |
| | **)** |
| | **)** |

**DEFENDANT MASAKI YAMASHITA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Masaki Yamashita, appearing Pro Se, hereby answers Plaintiff COVER Corporation's Complaint as follows:

**PRELIMINARY STATEMENT**

Defendant expressly preserves all defenses and objections available under Federal Rule of Civil Procedure 12(b), including lack of personal jurisdiction, improper venue, and insufficient service of process.

**I. RESPONSE TO ALLEGATIONS**

1. Defendant lacks sufficient knowledge or information to admit or deny the allegations regarding the specific list of works and URLs set forth in Exhibit B, and therefore denies the same.

2. Defendant denies each and every allegation of copyright infringement, unlawful conduct, and entitlement to relief alleged throughout Plaintiff's Complaint, except as explicitly admitted or otherwise ordered by the Court.

## II. AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest on Plaintiff, Defendant asserts the following Defenses:

### FIRST DEFENSE

*(Lack of Personal Jurisdiction – Fed. R. Civ. P. 12(b)(2))*

1. The Court lacks personal jurisdiction over Defendant. Defendant is an individual residing exclusively in Matsuyama, Ehime, Japan.

2. Defendant denies that any automated language in YouTube DMCA counter-notice forms constitutes a knowing, voluntary, or effective consent to personal jurisdiction under Due Process principles.

### SECOND DEFENSE

*(Failure to State a Claim – Fed. R. Civ. P. 12(b)(6))*

3. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### THIRD DEFENSE

*(Fair Use – 17 U.S.C. § 107)*

4. Plaintiff's claims are barred, in whole or in part, because Defendant's alleged use of copyrighted materials may constitute fair

use under 17 U.S.C. § 107, including use for news reporting, commentary, criticism, and educational analysis.

### FOURTH DEFENSE

*(Copyright Misuse)*

5. Plaintiff's claims may be limited, in whole or in part, by the doctrine of copyright misuse to the extent Plaintiff attempts to use copyright law beyond its lawful scope to restrict lawful commentary and public discussion.

### FIFTH DEFENSE

*(Improper Venue – Fed. R. Civ. P. 12(b)(3))*

6. Defendant asserts that venue in this District is improper under 28 U.S.C. §§ 1391 and 1400(a), as Defendant is a resident of Japan with no presence or contacts in this District, and the alleged acts occurred primarily outside this District.

### III. PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

1. Enter judgment in favor of Defendant on all claims;

2. Dismiss Plaintiff's Complaint; and

3. Grant such other and further relief as the Court deems just and proper.

Dated: July 30, 2026

Respectfully submitted,


By: /s/ Masaki Yamashita
Masaki Yamashita, Defendant Pro Se
Address: 3-5-7 Miyanishi, 2F, Matsuyama, Ehime, 790-0065, Japan
Email: buddha2434fan@gmail.com