Gamma Law, P.C.
Duy Thai, SBN 157345
Email: dthai@gammalaw.com
Bruno Tarabichi, SBN 215129
Email: btarabichi@gammalaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: 415.901.0510
Facsimile: 415.422.9962

Attorneys for Plaintiff
COVER Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVER CORPORATION, a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASAKI YAMASHITA, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:26-cv-01117-JD<br><br>**PLAINTIFF COVER CORPORATION'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT YAMASHITA'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Date: September 24, 2026<br>Time: 11:00am<br>Judge: Honorable James Donato |

## NOTICE OF MOTION AND MOTION TO STRIKE

PLEASE TAKE NOTICE that, on Thursday, September 24, 2026 at 11:00am, pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Cover Corporation ("Plaintiff") hereby moves the Court to strike Defendant Masaki Yamashita's ("Defendant") Answer and affirmative defenses.

This Motion is made on the grounds that (1) Defendant's general denial is improper, and (2) Defendant's affirmative defenses are completely devoid of any allegations of fact to support the defense.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities below, the pleadings and papers on file in this action, any arguments of counsel at any hearings scheduled by the Court in connection with this Motion, and any such further evidence and material that the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff is a Japanese entertainment company that operates a hololive production division to support online streamers who use virtual avatars ("VTubers"). In this regard, Plaintiff owns a variety of copyrighted avatar characters, including 20 characters at issue in this litigation. Despite Plaintiff's intellectual property rights, Defendant uploaded at least 68 different infringing videos reproducing and/or containing derivative works of Plaintiff's copyrighted characters.

Although Plaintiff attempted to address Defendant's infringement directly with YouTube, Defendant began submitting counter notifications in response to Plaintiff's takedown notices, necessitating the filing of this lawsuit. After serving Defendant in Japan through the Hague Convention, Defendant has now appeared and filed a deficient Answer and deficient affirmative defenses. Accordingly, Plaintiff now movies to strike Defendant's Answer and affirmative defenses.

## II. RELEVANT PROCEDURAL BACKGROUND

On February 5, 2026, Plaintiff filed its Complaint for copyright infringement against Defendant. ECF No. 1. In addition to allegations of wrongdoing, the Complaint contains allegations of fact that Defendant is required to admit or deny. *See, e.g.,* ECF No. 1, ¶¶ 1-2, 7-17. These include, *inter alia*, factual allegations regarding Defendant's address, Plaintiff's intellectual property rights, and Defendant's acts taken in connection with his YouTube account.

As Defendant is located in Japan, Plaintiff effectuated service on Defendant through the Hague Convention. ECF No. 14, ¶ 3; ECF No. 16, ¶ 1. Service was effectuated on July 11, 2026. ECF No. 16, ¶ 1. With his Answer due on August 1, 2026, On July 17, 2026, Defendant sought a 30 day extension of time. ECF No. 16. Before the Court ruled on Defendant's request for an extension, Defendant filed his Answer on July 20, 2026. ECF No. 17.

Because Plaintiff believes Defendant's Answer is defective, Plaintiff hereby moves to strike Defendant's Answer and affirmative defenses.

## III. LEGAL STANDARD FOR A MOTION TO STRIKE

A motion to strike an answer or an affirmative defense is brought pursuant to Federal Rule of Civil Procedure 12(f), under which a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous material." Fed. R. Civ. P. 12(f). Affirmative defenses are governed by the same pleading standard as complaints.

Under *Twombly and Iqbal*, an affirmative defense must give the plaintiff fair notice of the defense. This requires pleading factual content that allows the court to draw a reasonable inference that there is a plausible basis for the defense. *See O'Sullivan v. AMN Services, Inc.*, 2012 U.S. Dist. LEXIS 98560, *18-22 (N.D. Cal. July 16, 2012) (*Twombly* and *Iqbal* standards apply to affirmative defenses); *Wyshak v, City Nat'l Bank*, 607 F.2d

824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

## IV. ANALYSIS

### A. Defendant's Answer Should Be Stricken Because His General Denial Is Improper

In responding to a complaint, a defendant must state "its defenses to each claim asserted against it," and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1); *Wynes v. Kaiser Permanente Hospitals*, 2013 U.S. Dist. LEXIS 79235, *6-7 (E.D. Cal. June 5, 2013). In addition, "[a] denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2); *Id*. A party may use a general denial only if it "intends in good faith to deny all the allegations of a pleading." Fed. R. Civ. P. 8(b)(3). However, general denials are uncommon in federal court because "situations in which the [pleading] can be completely controverted are quite rare." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1265 (3d ed. 2004). "This means that an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." *Id*.

Therefore, when a complaint contains allegations that a defendant cannot reasonably deny, a defendant's general denial is improper, the defendant's Answer should be stricken, and the defendant should be made to specifically admit or deny each allegation individually in the complaint. *See, e.g., Wynes*, 2013 U.S. Dist. LEXIS 79235, at *8 (striking general denial because, among other things, "Kaiser's Counterclaim contains some allegations that Plaintiff cannot reasonably deny, Plaintiff's 'general denial' is clearly improper"); *Innovative Sports Management, Inc. v. Rodriguez*, 2019 U.S. Dist. LEXIS 242164, *2 (C.D. Cal. Dec. 13, 2019) (striking general denial because, among other things, "Rodriguez cannot assert, in good faith, that the Court lacks subject matter jurisdiction"); *J&J Sports Products v. Olivo*, 2015 U.S. Dist. LEXIS 73993, *5 (S.D. Cal. June 8, 2015) (striking general denial because, among other things, "[s]ome allegations

cannot be disputed in good faith. For example, Defendants Martinez and Olivo are indeed identified on the liquor license issued to Club Caribe as alleged in the complaint."); *J&J Sports Products v. Vizcarra*, 2012 U.S. Dist. LEXIS 2238, *9 (N.D. Cal. Jan. 9, 2012) (striking general denial because "[i]t is readily apparent from the Amended Answer, taken as a whole, that Defendants intended only to generally deny wrongdoing, not to issue a general denial of fact.).

Here, it is clear that Defendant's general denial in Paragraph 2 is improper because it only references Plaintiff's legal claims rather than factual allegations. Moreover, there are specific factual allegations in Plaintiff's Complaint that Defendant cannot reasonably deny. For example, the Complaint contains subject matter allegations and Paragraph 2 references Defendant's address and email address. The address is the same one referenced in Defendant's Motion (ECF No. 16, ¶ 2) and the email address is the same one Defendant uses for ECF notices. Clearly, those facts could not be reasonably denied. Likewise, Paragraphs 7-17 in the Complaint contain factual allegations that must be individually responded to, including factual allegations regarding actions taken by Defendant, such as Defendant submitting counter notifications to YouTube in response to takedown notices. In light of the nature of Plaintiff's allegations and the fact that some allegations cannot be reasonably denied, Defendant's Answer should be stricken and Defendant should be required to respond to each allegation in the Complaint separately.

**B. Second Affirmative Defense: Failure to State a Claim**

Failure to state a claim is not an affirmative defense. *See United States v. Academy Mortgage Corp.*, 2020 U.S. Dist. LEXIS 226154, *10 (N.D. Cal. Dec. 2, 2020); *Bonshahi v. Fedex Corp.*, 2012 U.S. Dist. LEXIS 119013, *6 (N.D. Cal. Aug. 22, 2013); *Lumasense Technologies, Inc. v. Advanced Engineering Services, LLC*, 2021 U.S. Dist. LEXIS 131347, *14-15 (N.D. Cal. July 14, 2021). Rather, it asserts a defect in the plaintiff's prima facie case. *Id*. Accordingly, the Northern District of California routinely strikes failure to state a claim as an affirmative defense. *Id*.

Moreover, even if failure to state a claim was an affirmative defense (which it is not), it would still need to be supported by factual allegations putting the plaintiff on notice of the basis for the alleged failure to state a claim. *Bonshahi v. Fedex Corp.*, 2012 U.S. Dist. LEXIS 119013, at *6-7. Otherwise, it is simply a bare and conclusory allegation making it subject to a motion to strike for being insufficiently pled.

Here, Defendant's Second Defense should be stricken because failure to state a claim is not an affirmative defense, as noted in the cases above. Furthermore, even if it was an affirmative defense, it would not be pled properly because the defense does not recite any facts as to how the Complaint fails to state a claim.

**C. Third Affirmative Defense: Defendant Did Not Plead Any Facts Supporting its Defense of Fair Use**

While fair use is an affirmative defense to a claim of copyright infringement, a defendant must do more than simply assert the defense. Rather, the defendant must plead facts that would support the defendant's asserted affirmative defense of fair use. *See, e.g., Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 2014 U.S. Dist. LEXIS 13342, *11 (C.D. Cal. Jan. 31, 2014) (striking affirmative defense of fair use because defendant did not plead any supporting facts); *Sadowski v. Internet Brands, Inc.*, 2018 U.S. Dist. LEXIS 109431, *7-8 (C.D. Cal. June 28, 2018) (striking fair use for failure to plead facts); *Niantic, Inc. v. Global++*, 2020 U.S. Dist. LEXIS 61327, *28-29 (N.D. Cal. Jan. 30, 2020) (striking fair use defense as conclusory with no factual allegations).

Here, Defendant's Third Defense should be stricken because it is a bald, conclusory assertion of the fair use defense. The recited defense contains no factual allegations as to how Defendant's acts constitute fair use.

**D. Fourth Affirmative Defense: Defendant Has Not Plead Facts Supporting a Copyright Misuse Defense**

Copyright misuse is a defense to copyright infringement, the purpose of which is to prevent "holders of copyrights from leveraging their limited monopoly to allow them

control of areas outside the monopoly." *JLC-Tech LLC v. Luminos Global, Inc.*, 2025 U.S. Dist. LEXIS 189608, *27-28 (S.D. Cal. Sept. 25, 2025). In *JLC-Tech*, the court struck the defendant's copyright misuse affirmative defense because "Defendant has not sufficiently alleged how Plaintiff is seeking to control areas outside of the copyright grant." *Id*. The doctrine is applied sparingly.

Here, as in *JLC-Tech*, Defendant has asserted an affirmative defense of copyright misuse, but fails to set forth any facts supporting a copyright misuse defense. While Defendant vaguely and in conclusory fashion references commentary and public discussion, that vague reference does not support a copyright misuse defense. First, it doesn't explain or allege how that would equate to expanding or controlling Plaintiff's area outside its monopoly. Second, there are no factual allegations as to how Defendant engaged in commentary of public discussion. In short, Defendant's affirmative defense does not provide facts evidencing copyright misuse and fails to put Plaintiff on notice of the grounds of Defendant's asserted defense. As such, this defense should be stricken.

## V. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court strike Defendant's Answer and affirmative defenses.

Dated: August 19, 2026

Respectfully submitted,

GAMMA LAW, P.C.

By */s/ Bruno Tarabichi*
Bruno Tarabichi
Attorneys for Plaintiff
COVER Corporation