Masaki Yamashita
3-5-7 Miyanishi, 2F
Matsuyama, Ehime 790-0065
Japan
Telephone: +81-70-8554-6277
Email: buddha2434fan@gmail.com
Defendant Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

COVER CORPORATION,
Plaintiff,

v.

MASAKI YAMASHITA,
Defendant.

**Case No. 3:26-cv-01117-JD**

**DEFENDANT MASAKI YAMASHITA'S MOTION UNDER FED. R. CIV. P. 6(b)(1)(B) AND CIVIL L.R. 6-3 TO ACCEPT LATE OPPOSITION TO DKT. 18**

Judge: Hon. James Donato
No hearing requested

## MOTION

Defendant Masaki Yamashita, appearing pro se, respectfully moves under Federal Rule of Civil Procedure 6(b)(1)(B) and Civil Local Rule 6-3 for an order accepting and considering Defendant's concurrently filed Opposition to Plaintiff's Motion to Strike, Dkt. 18. Defendant does not request a continuance of the September 24, 2026 hearing.

## I. BACKGROUND AND REASON FOR THE DELAY

Plaintiff filed Dkt. 18 on August 19, 2026. Under Civil Local Rule 7-3(a), Defendant's opposition was due September 2, 2026. On August 28, before that deadline expired, Defendant filed Dkt. 19 specifically to address Dkt. 18 by replacing the general denial with paragraph-by-paragraph responses and revising the affirmative defenses. Yamashita Decl. ¶ 3.

Defendant understood that the amendment addressed the challenged pleading and expected the motion directed to Dkt. 17 to become moot if the amendment was accepted. For that reason, Defendant did not file a separate opposition by September 2. Id. ¶ 4. After recognizing that there could be uncertainty about the procedural status of Dkt. 19, Defendant sought Plaintiff's written consent on September 5 and followed up on September 11 (Pacific Time). Id. ¶¶ 5-7 & Exs. A-B.

Plaintiff has not responded. Id. ¶ 8. Defendant now promptly seeks leave to amend and files his opposition concurrently with this motion. Id. ¶ 9.

## II. EXCUSABLE NEGLECT SUPPORTS ACCEPTANCE OF THE OPPOSITION

Rule 6(b)(1)(B) permits an extension after a deadline has expired when the failure to act resulted from excusable neglect. The determination is equitable and considers the danger of prejudice, the length and impact of the delay, the reason for the delay, and good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Pincay v. Andrews, 389 F.3d 853, 855, 859-60 (9th Cir. 2004) (en banc). Rule 6(b) is construed to favor resolution on the merits when the circumstances warrant relief. See Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-61 (9th Cir. 2010).

First, the prejudice to Plaintiff is limited. Plaintiff has possessed Dkt. 19 since August 28, and the late opposition principally addresses the effect of that amendment on Plaintiff's existing motion. Defendant does not seek to postpone the September 24 hearing and does not oppose a short supplemental reply if the Court wishes to permit one.

Second, the delay is limited and has not disrupted discovery, trial, or any merits schedule. The case remains at the pleading stage, and the hearing is still scheduled for September 24.

Third, the delay resulted from Defendant's good-faith effort to cure the defects identified in Dkt. 18 before the opposition deadline and his mistaken understanding that the curative filing would eliminate the need for a separate opposition if accepted. Defendant did not ignore Dkt. 18; he responded to it by filing Dkt. 19 nine days after the motion was filed and then twice sought Plaintiff's written consent when he recognized the procedural issue.

Fourth, there is no bad faith. Defendant has acted openly on the docket, sought Plaintiff's consent, and now asks the Court to regularize the record rather than treat silence as consent.

## III. CIVIL LOCAL RULE 6-3 FACTORS

The supporting declaration states the reasons for the requested relief, the efforts made to obtain agreement and the absence of any separate stipulation request concerning the late opposition, the

prejudice that may result if no opposition is considered, prior scheduling modifications known to Defendant, and the effect on the case schedule. Civ. L.R. 6-3(a). Although this request is being made within 14 days of the September 24 hearing, that circumstance follows from the already-expired opposition deadline and the unresolved status of Dkt. 19. Defendant asks for no change to the hearing date and seeks prompt consideration under Rule 6(b)(1)(B).

**IV. CONCLUSION**

Defendant respectfully requests that the Court accept and consider the concurrently filed Opposition to Dkt. 18. If the Court considers additional reply briefing appropriate, Defendant does not oppose allowing Plaintiff a short reply on a schedule set by the Court.

Dated: September 16, 2026

Respectfully submitted,

By: /s/ Masaki Yamashita
Masaki Yamashita, Defendant Pro Se