Masaki Yamashita
3-5-7 Miyanishi, 2F
Matsuyama, Ehime 790-0065
Japan
Telephone: +81-70-8554-6277
Email: buddha2434fan@gmail.com
Defendant Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

COVER CORPORATION,
Plaintiff,

v.

MASAKI YAMASHITA,
Defendant.

**Case No. 3:26-cv-01117-JD**

**DEFENDANT MASAKI YAMASHITA'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES (DKT. 18)**

Date: September 24, 2026
Time: 11:00 a.m.
Courtroom: 11, 19th Floor
Judge: Hon. James Donato

## I. INTRODUCTION

Plaintiff's Motion to Strike, Dkt. 18, attacks Defendant's original Answer, Dkt. 17. Before the opposition deadline expired, Defendant responded to the substance of that motion by filing Dkt. 19 on August 28, 2026. Dkt. 19 replaces the general denial with separate responses to each numbered allegation of the Complaint and revises the affirmative defenses. Defendant has now separately moved for leave under Rule 15(a)(2) to remove any procedural uncertainty and to have Dkt. 19 deemed the operative Amended Answer.

Accordingly, the most efficient disposition is to grant leave to amend and terminate Dkt. 18 as moot because it is directed to a pleading that will no longer be operative. Alternatively, the Court should deny Dkt. 18 without prejudice or defer ruling until the Rule 15 issue is resolved. If the Court reaches the merits of Dkt. 18, any relief should be limited and with leave to amend, because Defendant already tendered a curative pleading nine days after the motion was filed.

## II. RELEVANT BACKGROUND

Dkt. 18 argues that Dkt. 17 should be stricken because the original Answer used a general denial and because Plaintiff contends certain affirmative defenses lacked supporting factual allegations. Dkt.

18 at 4-7. On August 28, 2026, Defendant filed Dkt. 19. The amended pleading separately responds to each of the Complaint's 29 numbered paragraphs and revises the affirmative defenses. Defendant subsequently requested Plaintiff's written consent under Rule 15(a)(2) on September 5 and followed up on September 11, Pacific Time. Plaintiff did not respond. Yamashita Decl. ¶¶ 6-8 & Exs. A-B.

## III. ARGUMENT

### A. If leave to amend is granted, Dkt. 18 should be terminated as moot because it is directed to Dkt. 17.

It is well established in the Ninth Circuit that an amended pleading supersedes the original pleading, which thereafter no longer performs any function as a pleading. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Ramirez specifically held that a motion directed to a pleading superseded by a timely amendment should have been deemed moot. Id.

Plaintiff's motion identifies the challenged pleading as Defendant's Answer at Dkt. 17. Dkt. 18 does not address Dkt. 19, which had not yet been filed. If the Court grants Defendant's concurrently pending Rule 15(a)(2) motion and deems Dkt. 19 operative, the target of Dkt. 18 will cease to be the operative pleading. The Court should then terminate or deny Dkt. 18 as moot, without prejudice to any procedurally proper challenge Plaintiff may choose to direct to the operative pleading.

### B. Dkt. 19 directly addresses the principal defect identified by Plaintiff.

The principal argument in Dkt. 18 is that the original Answer used a general denial even though the Complaint contains factual allegations that should be admitted or denied individually. Dkt. 18 at 4-5. Dkt. 19 directly addresses that point. It separately responds to Paragraphs 1 through 29 of the Complaint, admitting some allegations, denying others, and stating lack of knowledge where appropriate. Thus, the relief Plaintiff requests with respect to the general denial has already been substantively addressed by the proposed amendment.

### C. The revised affirmative defenses should be evaluated, if necessary, in the context of the operative amended pleading rather than the superseded Dkt. 17.

Dkt. 18 also challenges the factual sufficiency of affirmative defenses in Dkt. 17. Dkt. 19 revises those defenses and adds factual context throughout the pleading, including allegations concerning the

purposes of the challenged videos as news reporting, commentary, criticism, and public-interest analysis, the platform proceedings, and the scope of the videos at issue. Plaintiff's existing motion does not analyze the language or context of the revised defenses in Dkt. 19.

Because Dkt. 18 was drafted against Dkt. 17, the Court need not decide in the abstract whether every revised defense in Dkt. 19 would survive a future Rule 12(f) challenge. If Plaintiff believes a defense in the operative amended pleading remains insufficient, that question can be presented against the pleading actually before the Court, with Defendant having a fair opportunity to respond to the specific challenge.

**D. In the alternative, any striking should be with leave to amend rather than a terminal disposition.**

Rule 15(a)(2) directs courts to freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit applies that policy with extreme liberality, and prejudice to the opposing party carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Here, Defendant attempted to cure the pleading nine days after Dkt. 18 was filed, before the opposition deadline. There is no basis to impose a terminal pleading sanction where a curative pleading has already been tendered at the outset of the case.

**IV. CONCLUSION**

Defendant respectfully requests that the Court grant leave to amend, deem Dkt. 19 operative, and terminate or deny Dkt. 18 as moot. Alternatively, Defendant asks the Court to deny Dkt. 18 without prejudice pending resolution of the Rule 15 motion, or, if any portion of Dkt. 17 is stricken, to grant leave to amend consistent with Dkt. 19 rather than strike Defendant's defenses without an opportunity to cure.

Dated: September 16, 2026

Respectfully submitted,

By: /s/ Masaki Yamashita
Masaki Yamashita, Defendant Pro Se