Masaki Yamashita
3-5-7 Miyanishi, 2F
Matsuyama, Ehime 790-0065
Japan
Telephone: +81-70-8554-6277
Email: buddha2434fan@gmail.com
Defendant Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

COVER CORPORATION,
Plaintiff,

v.

MASAKI YAMASHITA,
Defendant.

**Case No. 3:26-cv-01117-JD**

**DEFENDANT MASAKI YAMASHITA'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND TO DEEM DKT. 19 THE OPERATIVE AMENDED ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: October 22, 2026
Time: 11:00 a.m.
Courtroom: 11, 19th Floor
Judge: Hon. James Donato

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on October 22, 2026, at 11:00 a.m., or at such other date and time as the Court may order, Defendant Masaki Yamashita, appearing pro se, will move under Federal Rule of Civil Procedure 15(a)(2) for leave to file an amended answer and for an order deeming the Amended Answer already filed at Dkt. 19 the operative answer in this action.

Defendant further requests that, upon granting leave, the Court terminate or deny as moot Plaintiff's Motion to Strike at Dkt. 18 because that motion is directed to the superseded original Answer at Dkt. 17. In the alternative, if the Court prefers a new filing rather than deeming Dkt. 19 operative, Defendant requests leave to file the proposed Amended Answer attached to this motion, which is substantively identical to Dkt. 19.

**I. ISSUES TO BE DECIDED**

1. Whether leave should be granted under Rule 15(a)(2) for Defendant to file the Amended Answer reflected in Dkt. 19 and the attached proposed Amended Answer.

2. Whether, upon granting leave, Plaintiff's Motion to Strike Dkt. 17 should be terminated or denied as moot because the amended pleading supersedes the original pleading.

## II. RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed its Motion to Strike Defendant's original Answer and affirmative defenses on August 19, 2026. Dkt. 18. The motion principally argues that Dkt. 17 used an improper general denial and that certain affirmative defenses lacked sufficient factual allegations.

Nine days later, on August 28, 2026, Defendant filed Dkt. 19 in direct response to those objections. Dkt. 19 separately responds to each numbered paragraph of the Complaint and revises the affirmative defenses. Defendant did not seek to add counterclaims or new parties.

To remove any procedural uncertainty concerning the status of Dkt. 19, Defendant sought Plaintiff's written consent under Rule 15(a)(2). On September 5, 2026, Defendant emailed Plaintiff's counsel requesting written consent to treat Dkt. 19 as the operative Amended Answer and asking whether Plaintiff would withdraw Dkt. 18 or agree that it was moot. Yamashita Decl. ¶ 6 & Ex. A. Defendant followed up on September 11, 2026 (Pacific Time). Id. ¶ 7 & Ex. B. As of September 16, 2026, Defendant has received no response. Id. ¶ 8.

## III. LEGAL STANDARD

Rule 15(a)(2) provides that, outside the circumstances allowing amendment as a matter of course, a party may amend with the opposing party's written consent or the Court's leave, and that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit applies this policy with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Relevant considerations include undue delay, bad faith, repeated failure to cure deficiencies, prejudice, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962). Prejudice to the opposing party carries the greatest weight, and absent prejudice or a strong showing on the other factors, there is a presumption in favor of amendment. Eminence Capital, 316 F.3d at 1052.

## IV. ARGUMENT

### A. The requested amendment was prompt and made in direct response to Dkt. 18.

Defendant filed Dkt. 19 only nine days after Plaintiff filed Dkt. 18. The amendment was not offered to delay the case. Its principal purpose was to do exactly what Dkt. 18 requested: provide paragraph-by-paragraph responses to the Complaint and revise the affirmative defenses. The short interval between Dkt. 18 and Dkt. 19 weighs strongly against any finding of undue delay or dilatory motive.

### B. Plaintiff will not be unfairly prejudiced.

The case remains at an early pleading stage. Dkt. 19 adds no new party or counterclaim and does not expand the case beyond the Complaint. Plaintiff has had Dkt. 19 since August 28, 2026, and Defendant twice sought Plaintiff's consent before filing this motion. Any future challenge to the sufficiency of the operative pleading can be directed to the pleading actually at issue. There is no cognizable unfair surprise or litigation prejudice from allowing the amendment.

### C. The amendment is not futile as a whole and materially addresses the issues raised in Dkt. 18.

Dkt. 18 argues that the original Answer should be stricken because it used a general denial and did not separately respond to factual allegations. Dkt. 19 directly cures that issue by answering each numbered allegation individually. It also revises the affirmative defenses and provides factual context concerning the challenged videos, platform proceedings, and asserted purposes of commentary, criticism, and news reporting. Whether Plaintiff may later challenge any particular revised defense is not a basis to refuse the amendment in its entirety.

### D. Once leave is granted, Dkt. 18 should be terminated or denied as moot.

The Ninth Circuit has repeatedly recognized that an amended pleading supersedes the original pleading. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). In Ramirez, a motion directed to a superseded pleading should have been deemed moot. Id. Dkt. 18 is expressly directed to Dkt. 17. If the Court grants leave and deems Dkt. 19 operative, Dkt. 17 will no longer be the operative pleading, and Dkt. 18 should therefore be terminated or denied as moot, without prejudice to any procedurally proper challenge to the operative pleading.

**V. CONCLUSION**

Defendant respectfully requests that the Court grant leave under Rule 15(a)(2), deem Dkt. 19 the operative Amended Answer without requiring duplicative refiling, and terminate or deny Dkt. 18 as moot. Alternatively, Defendant requests leave to file the attached proposed Amended Answer within one court day of the Court's order. Nothing in this motion withdraws or waives any defense, objection, claim, remedy, or procedural right preserved in Dkt. 19 or Dkt. 20.

Dated: September 16, 2026

Respectfully submitted,

By: /s/ Masaki Yamashita
Masaki Yamashita, Defendant Pro Se