Masaki Yamashita
3-5-7 Miyanishi, 2F
Matsuyama, Ehime 790-0065
Japan
Telephone: +81-70-8554-6277
Email: buddha2434fan@gmail.com
Defendant Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COVER CORPORATION,<br>Plaintiff,<br><br>v.<br><br>MASAKI YAMASHITA,<br>Defendant. | **Case No. 3:26-cv-01117-JD**<br><br>**[PROPOSED] DEFENDANT MASAKI YAMASHITA'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br>Judge: Hon. James Donato |

Defendant Masaki Yamashita, appearing Pro Se, hereby submits this Amended Answer to Plaintiff COVER Corporation's Complaint pursuant to Federal Rules of Civil Procedure 8(b) and 8(c) as follows:

**PRELIMINARY STATEMENT & RELEVANT PLATFORM DEVELOPMENTS**

1. Platform Developments and Status of Targeted Content: In Paragraphs 16 and 17 of the Complaint, Plaintiff describes the filing of this lawsuit as a procedural necessity under platform policies to maintain the removal of targeted content following DMCA counter-notifications. However, during the platform dispute process, Defendant contacted YouTube regarding the status of the affected videos and received written confirmation from YouTube Partner Support stating that, absent evidence of valid legal action submitted by the rights holder, the content would be treated as being in a non-infringing state. Notably, YouTube's published policy guidance explicitly states that, "[w]hile legal action is pending, the content at issue will not be reinstated to YouTube." Nevertheless, in this case, on February 19, 2026 (Japan Standard Time), at approximately 7:16 a.m., Defendant received written notification from YouTube Copyright confirming the restoration of the 56th and final video for which Defendant had submitted a DMCA counter-notification, completing the restoration of all 56 videos subject to Defendant's counter-notifications. Defendant

subsequently observed that his YouTube channel Studio dashboard displayed no active copyright strikes or account penalties. These subsequent platform developments substantially undercut the factual premises described in Paragraphs 16 and 17 of the Complaint regarding the continued removal of the videos and ongoing account enforcement.

2. Preservation of Defenses: Defendant expressly preserves all available defenses under Federal Rule of Civil Procedure 12(b), including lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)), improper venue (Fed. R. Civ. P. 12(b)(3)), and insufficient service of process. Defendant is an individual residing exclusively in Matsuyama, Ehime, Japan, with no presence, assets, or business operations in California or the United States. Defendant contends that the selection of a distant foreign forum imposes substantial and disproportionate litigation burdens on an individual residing overseas.

**I. RESPONSE TO SPECIFIC ALLEGATIONS**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to each numbered paragraph of Plaintiff's Complaint as follows:

**PARTIES**

1. Paragraph 1: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's corporate status, state of incorporation, or principal place of business, and on that basis denies them.
2. Paragraph 2: Defendant admits that he is an individual residing in Matsuyama, Ehime, Japan, and that the email address listed in Paragraph 2 is used by Defendant. Except as expressly admitted, Defendant denies all remaining allegations in Paragraph 2.
3. Paragraph 3: Defendant lacks sufficient knowledge or information to form a belief as to the existence or identity of "Does 1 through 10", and on that basis denies the allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. Paragraph 4: Paragraph 4 contains legal conclusions to which no factual response is required. To the extent Paragraph 4 asserts factual allegations, Defendant denies them.

5. Paragraph 5: Defendant DENIES the allegations in Paragraph 5. Defendant denies that he is subject to personal jurisdiction in this District, and denies that automated boilerplate language in YouTube's counter-notification forms constitutes a knowing, voluntary, or effective consent to personal jurisdiction under Constitutional Due Process principles.

6. Paragraph 6: Defendant DENIES the allegations in Paragraph 6, and specifically denies that venue is proper in this judicial district.

**FACTS RELEVANT TO ALL CLAIMS**

7. Paragraph 7: Defendant admits that Plaintiff is a Japanese entertainment company operating the "hololive production" division. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations regarding Plaintiff's global operations or specific events, and on that basis denies them.

8. Paragraph 8: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 regarding Plaintiff's business growth, monetization, or specific events in California or New York, and on that basis denies them.

9. Paragraph 9: Defendant lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's claimed copyright ownership, assignments, or registrations with the U.S. Copyright Office, and on that basis denies the allegations in Paragraph 9.

10. Paragraph 10: Defendant DENIES the allegations in Paragraph 10. Specifically:

- The Complaint's identification of "20 specific avatar characters" and "68 different infringing videos" does not correspond to Defendant's records of the dispute.
- Defendant's DMCA counter-notifications concerned 56 videos and 16 characters, which were the only videos removed by YouTube pursuant to Plaintiff's takedown notices.
- Plaintiff names characters such as "AZKi" and "Houshou Marine" in Paragraph 10, yet these

characters do not appear under the "COPYRIGHT INFRINGED" column in Plaintiff's own Exhibit B. Furthermore, no videos were removed by YouTube regarding "Kiryu Coco" or "Hoshimachi Suisei."

11. Paragraph 11: Defendant lacks sufficient knowledge or information to form a belief as to the validity, scope, or ownership of the copyright registrations listed in Paragraph 11 or Exhibit A, and on that basis denies the allegations in Paragraph 11.

12. Paragraph 12: Defendant admits that Paragraph 12 contains images purporting to depict certain characters. Defendant lacks sufficient knowledge or information to form a belief as to whether these depictions accurately reflect registered copyrights, and on that basis denies the remaining allegations in Paragraph 12.

13. Paragraph 13: Defendant lacks sufficient knowledge or information to form a belief as to the commercial value or popularity of Plaintiff's character assets, and on that basis denies the allegations in Paragraph 13.

**DEFENDANT'S ALLEGED INFRINGEMENT AND PLATFORM PROCEEDINGS**

14. Paragraph 14: Defendant DENIES each and every allegation in Paragraph 14. Specifically:

- Defendant denies that he uploaded 68 infringing videos or created unauthorized derivative works.

- Inaccurate Exhibit B URLs: Plaintiff's Exhibit B contains clerical errors and invalid URLs that do not correspond to active YouTube links:

  - No. 35: Listed as https://www.youtube.com/watch?v=vVCsG-zmrE (Correct: https://www.youtube.com/watch?v=vVC-sG-zmrE)

  - No. 40: Listed as https://www.youtube.com/watch?v=fGjykXtS-0 (Correct: https://www.youtube.com/watch?v=fGjyk-XtS-0)

  - No. 55: Listed as https://www.youtube.com/watch?v=ahrjxdMT-Q (Correct: https://www.youtube.com/watch?v=ah-rjxdMT-Q)

- 12 Unaffected Videos: 12 of the 68 videos listed in Exhibit B (specifically No. 5, 12, 21, 30, 40,

52, 55, 57, 60, 61, 63, and 66) were never removed from YouTube and were not subject to counter-notifications. Plaintiff has not explained the factual or legal basis for including these 12 videos in this action.

- Discrepancies in Takedown Claims: The character assertions in Exhibit B directly contradict Plaintiff's actual notices submitted to YouTube (e.g., No. 46 identified "Usada Pekora" in Exhibit B but cited "Amane Kanata" to YouTube; No. 48 identified "Kiryu Coco" in Exhibit B but cited "Sakura Miko" to YouTube; No. 64 and 65 cited generic corporate reputation boilerplate rather than specific character infringement).

15. Paragraph 15: Defendant admits that the screenshot depicted in Paragraph 15 displays a video from Defendant's channel. Defendant DENIES that the video contains infringing reproductions or unauthorized derivative works. Any materials utilized in Defendant's videos were incorporated for legitimate news reporting, commentary, criticism, and public interest analysis regarding the VTuber industry.

16. Paragraph 16: Defendant admits that Plaintiff submitted takedown notices to YouTube and that Defendant submitted counter-notifications for the 56 videos for which Defendant submitted DMCA counter-notifications. Defendant denies all remaining allegations in Paragraph 16.

17. Paragraph 17: Defendant admits that Plaintiff filed this lawsuit following Defendant's counter-notifications. Defendant denies that his counter-notifications or videos were unlawful. Defendant further states that, during the dispute, YouTube confirmed in writing that, absent evidence of valid legal action submitted by the rights holder, the affected content would be treated as being in a non-infringing state. Notably, YouTube's published policy guidance explicitly states that, "[w]hile legal action is pending, the content at issue will not be reinstated to YouTube." Nevertheless, in this case, on February 19, 2026 (Japan Standard Time), at approximately 7:16 a.m., Defendant received written notification from YouTube confirming the restoration of the 56th video, completing the restoration of all 56 videos for which Defendant submitted DMCA counter-

notifications. Defendant subsequently observed that his YouTube channel Studio dashboard displayed no active copyright strikes or penalties.

**FIRST CLAIM FOR RELIEF (FEDERAL COPYRIGHT INFRINGEMENT)**

18. Paragraph 18: Defendant realleges and incorporates his responses to Paragraphs 1 through 17 as if fully set forth herein.
19. Paragraph 19: Defendant lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's ownership or registration status, and on that basis denies Paragraph 19.
20. Paragraph 20: Defendant lacks sufficient knowledge or information to form a belief as to the originality or legal scope of Plaintiff's copyrights, and denies that Defendant required Plaintiff's authorization for protected news reporting and commentary. Except as stated, Defendant denies Paragraph 20.
21. Paragraph 21: Defendant admits that official channels exist on YouTube. Defendant denies that he impermissibly accessed or copied protectable elements of Plaintiff's works in violation of copyright law.
22. Paragraph 22: Defendant DENIES each and every allegation in Paragraph 22.
23. Paragraph 23: Defendant DENIES each and every allegation in Paragraph 23, and specifically denies any actual or constructive knowledge of infringement, or that any conduct was intentional or willful.
24. Paragraph 24: Defendant DENIES that Plaintiff suffered injury, harm, or damages as a direct or proximate result of any conduct by Defendant.
25. Paragraph 25: Defendant DENIES that Plaintiff is entitled to actual damages, unjust profits, or any monetary recovery under 17 U.S.C. § 504(b).
26. Paragraph 26: Defendant DENIES that Plaintiff is entitled to statutory damages or enhanced damages for willful infringement under 17 U.S.C. § 504(c).
27. Paragraph 27: Defendant DENIES that Plaintiff is entitled to impoundment, destruction, or disposition of Defendant's videos under 17 U.S.C. § 503.

28. Paragraph 28: Defendant DENIES that Plaintiff is entitled to a temporary restraining order, preliminary injunction, or permanent injunction under 17 U.S.C. § 502, and denies that Plaintiff has suffered irreparable injury.

29. Paragraph 29: Defendant DENIES that Plaintiff is entitled to pre- or post-judgment interest.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant DENIES that Plaintiff is entitled to any of the relief requested in Items (i) through (viii) of Plaintiff's Prayer for Relief, or to any relief whatsoever.

**II. AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant asserts the following affirmative defenses, without waiving any other defenses available under applicable law and without assuming any burden of proof not otherwise imposed by law:

1. Fair Use (17 U.S.C. § 107): To the extent Defendant's use of Plaintiff's copyrighted materials is found to incorporate protectable elements, such use constitutes fair use under 17 U.S.C. § 107, including for purposes of news reporting, commentary, criticism, and public interest analysis regarding the VTuber industry.

2. Copyright Misuse: Defendant asserts copyright misuse as an affirmative defense to the extent supported by the facts and applicable law, including any use of Plaintiff's copyrights to obtain rights or control beyond the scope of the exclusive rights granted by copyright law.

3. Protected Speech / Anti-SLAPP Protections: Defendant asserts and preserves, to the extent applicable, any defenses, protections, or procedural remedies available under applicable federal or state law concerning claims arising from protected speech, news reporting, commentary, criticism, or other protected activities.

4. Reservation of Rights: Defendant reserves the right to seek leave to amend or supplement his defenses as permitted by the Federal Rules of Civil Procedure and as warranted by facts or circumstances revealed in further proceedings.

**III. PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice;

2. Enter Judgment in favor of Defendant on all claims;

3. Deny Plaintiff any and all requested relief, damages, injunctions, or attorneys' fees; and

4. Grant Defendant such other and further relief as the Court deems just, equitable, and proper.

Dated: August 28, 2026

Respectfully submitted,

By: /s/ Masaki Yamashita
Masaki Yamashita, Defendant Pro Se