Gamma Law, P.C.
Duy Thai, SBN 157345
Email: dthai@gammalaw.com
Bruno Tarabichi, SBN 215129
Email: btarabichi@gammalaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: 415.901.0510
Facsimile: 415.422.9962

Attorneys for Plaintiff
COVER Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVER CORPORATION, a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASAKI YAMASHITA, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:26-cv-01117-JD<br><br>**DECLARATION OF SHUN OHKI IN SUPPORT OF PLAINTIFF COVER CORPORATION'S OPPOSITION TO DEFENDANT YAMASHITA'S MOTION TO DISMISS ON FORUM NON CONVENIENS GROUNDS**<br><br>Date: October 15, 2026<br>Time: 11:00am<br>Judge: Honorable James Donato |

I, SHUN OHKI, declare as follows:

1. I am a Japan-qualified attorney (b*engoshi* in Japanese), registered to practice law in Japan, and I am an attorney at NAKAMURA LAW OFFICE which is located at Portal Point 1003, 4-17, Sakuragaokacho, Shibuya-ku, Tokyo 150-0031 Japan. I was admitted to the Japanese bar in 2022 and am registered with the Dai-Ichi Tokyo Bar Association under registration number 62888. From 2017 to 2022, before entering private practice, I served as a judge of the Japanese courts, sitting as an associate judge on three-judge panels in civil cases.

2. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

3. I submit this declaration in support of Plaintiff Cover Corporation's Opposition to Defendant Yamashita's Motion to Dismiss on Forum Non Conveniens Grounds.

4. If this case is dismissed and Plaintiff is forced to re-file the case in Japan, Japan's court system does not provide any procedure equivalent to discovery or a subpoena under the Federal Rules of Civil Procedure, and a Japanese court has no power to compel a person located outside Japan to produce evidence. Under Article 184 of the Code of Civil Procedure, the taking of evidence in a foreign country may only be entrusted to the competent authority of that country or to a Japanese ambassador, minister or consul stationed there; such an entrustment is a request for judicial assistance, not an order, and is not enforceable by any sanction.

5. In Japan, the only basis for compelling attendance of an unwilling witness is the threat of a fine under Article 192 of the Code of Civil Procedure, a criminal fine or detention under Article 193, or an order under Article 194 that the witness be brought before the court by compulsion. None of these measures may be directed at a person located outside Japan. During my service as a judge and in my subsequent practice, I have

not encountered a case in which these measures were invoked, and it is my understanding that they are rarely implemented in practice.

6. In Japan, registration of copyright is not a precondition to any remedy. A claimant must prove the loss actually sustained under Article 709 of the Civil Code; Article 114 of the Copyright Act of Japan does not create a separate entitlement but provides only methods of calculating that actual loss. Japan also has no rule shifting attorney's fees to the losing party; the Copyright Act of Japan contains no provision for a fee award, and in an action in tort only a portion of such fees may be recovered as an item of damage.

7. In Japan, there is no legal mechanism to pursue statutory damages for copyright infringement that would otherwise be awarded in US federal courts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 18, 2026.

SHUN OHKI