Masaki Yamashita
3-5-7 Miyanishi, 2F
Matsuyama, Ehime 790-0065
Japan
Telephone: +81-70-8554-6277
Email: buddha2434fan@gmail.com
Defendant Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COVER CORPORATION,<br>Plaintiff,<br>v.<br>MASAKI YAMASHITA,<br>Defendant. | **Case No. 3:26-cv-01117-JD**<br><br>**DEFENDANT MASAKI YAMASHITA'S REPLY IN SUPPORT OF MOTION TO DISMISS ON FORUM NON CONVENIENS GROUNDS**<br><br>Hearing Date: October 15, 2026<br>Time: 11:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |

## I. ISSUE PRESENTED

Whether this action should be dismissed without prejudice on forum non conveniens grounds in favor of Japan, where Plaintiff is headquartered, Defendant resides, Defendant undertook the creation and editing conduct challenged by Plaintiff, and Japanese law provides potentially responsive copyright rights and remedies.

## II. INTRODUCTION

Plaintiff identifies genuine connections between this action and California. Google/YouTube is located in this District, Plaintiff invokes the United States Copyright Act and United States copyright registrations, and this Court is more familiar with United States copyright law. Defendant does not dispute those considerations.

But both parties to this action are based in Japan. Plaintiff is a Japanese corporation headquartered in Tokyo, and Defendant is a Japanese individual residing in Matsuyama. Compl. ¶¶ 1–2; Dkt. 20-1 ("Yamashita Decl.") ¶ 2. Defendant researched, scripted, edited, narrated, and uploaded the accused Japanese-language videos while physically located in Japan. Yamashita Decl. ¶¶ 5–6.

Japan is available. Defendant expressly undertakes to accept lawful service and not contest personal jurisdiction in a competent Japanese court following an FNC dismissal. Nor does the difference between United States and Japanese copyright remedies establish inadequacy. Under *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), and *Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001), an alternative forum need not reproduce the same United States cause of action or remedies; the inquiry concerns whether the foreign forum offers a practical remedy for the complained-of wrong.

The private-interest analysis likewise should not be reduced to Google's location. Both parties are in Japan, Defendant's relevant conduct occurred there, and Defendant's materials concerning the accused videos are principally Japanese-language materials. Yamashita Decl. ¶ 6. Google's location favors retention, but it is one factor in the overall balance.

The Court should grant Dkt. 20.

## III. JAPAN IS AN AVAILABLE AND ADEQUATE ALTERNATIVE FORUM

### A. Defendant Will Accept Service and Submit to Personal Jurisdiction in Japan.

Plaintiff argues that Defendant did not expressly state in Dkt. 20 that he would accept service or submit to jurisdiction in Japan. Opp. at 8–9.

Dkt. 20 expressly requested an opportunity to address any specific condition the Court considered necessary to ensure availability of the Japanese forum rather than denial on that ground alone. Dkt. 20 at 11:7–9.

To the extent an express undertaking is necessary, Defendant provides it now in response to Plaintiff's Opposition:

> **If this Court dismisses this action on forum non conveniens grounds and Plaintiff thereafter files claims arising from the same dispute in a Japanese court of competent jurisdiction, Defendant will accept lawful service of process in Japan and will not contest personal jurisdiction there.**

This undertaking applies following an FNC dismissal and is not consent to parallel litigation while this action remains pending.

An alternative forum ordinarily is available when the defendant is amenable to process there. *Piper*, 454 U.S. at 254 n.22; *Lueck*, 236 F.3d at 1143. Defendant is a Japanese resident and expressly undertakes to accept service and submit to personal jurisdiction there.

Japanese law also provides an international jurisdictional basis. Article 3-2 of Japan's Code of Civil Procedure provides jurisdiction over an action against a natural person domiciled in Japan. Code Civ. Proc., Act No. 109 of 1996, art. 3-2 (Japan). Domestic venue is then governed by the applicable provisions of the Code, including Article 4, which identifies the defendant's domicile as an ordinary basis for venue. *Id.* art. 4. Defendant is domiciled in Matsuyama. Subject to applicable domestic-venue and subject-matter-jurisdiction requirements, Defendant therefore identifies the Matsuyama District Court as a concrete possible Japanese forum.

Plaintiff also invokes "limitations exposure." Opp. at 17. The present record, however, identifies no Japanese limitations or prescription period that has expired or is shown to be close to expiring, and no specific claim shown to become time-barred upon refiling in Japan.

That differs materially from *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216 (9th Cir. 2011), where the defendant's own expert indicated that the foreign limitations period might already have run and the record gave the court reason to believe the defendant would invoke that defense. *Id.* at 1234–35. The present record does not establish a comparable concrete limitations problem requiring a waiver as a condition of dismissal.

Defendant does not presently offer a blanket waiver of unidentified defenses. If the Court identifies a specific limitations concern requiring a condition, Defendant respectfully requests an opportunity to address the scope and wording of that condition.

**B. Japan Provides a Potential Avenue of Redress for the Type of Wrong Plaintiff Alleges.**

Dkt. 20 already relied on Articles 112 and 114 of Japan's Copyright Act in arguing that Japanese law provides injunctive and monetary remedies. Dkt. 20 at 10. Plaintiff responds that those provisions are too abstract because Defendant did not connect them to the infringement theory pleaded. Opp. at 9–10.

The Complaint alleges that Defendant's videos "reproduced, and/or contained derivative works of," Plaintiff's characters. Compl. ¶ 14. Japanese copyright law recognizes rights of reproduction and adaptation. Copyright Act, Act No. 48 of 1970, arts. 21, 27 (Japan). Article 112 provides for cessation and prevention of infringement, and Article 114 provides mechanisms for calculating damages when the applicable requirements are established. *Id.* arts. 112, 114.

Articles 21 and 27 are cited only to identify the reproduction and adaptation rights corresponding to Plaintiff's pleaded theory and to respond to Plaintiff's contention that Dkt. 20 identified remedies without the corresponding rights. They do not replace the Japanese-remedies adequacy argument already raised in Dkt. 20.

Plaintiff also criticizes Defendant for not submitting a Japanese-law expert. Opp. at 9. But foreign law is a question of law. Federal Rule of Civil Procedure 44.1 permits the Court to consider "any relevant material or source, including testimony," and does not make expert testimony the exclusive means of determining foreign law.

The factual connection to Japan is concrete. Defendant researched, scripted, edited, narrated, and uploaded the accused videos while physically located in Japan. Yamashita Decl. ¶ 6. Defendant does not contend that those acts necessarily constituted infringement under Japanese law; they are conduct undertaken in Japan that Plaintiff alleges resulted in infringement.

The adequacy inquiry does not require Defendant to show that Plaintiff can reproduce this exact United States Copyright Act action in Japan. In *Lueck*, the Ninth Circuit explained that the relevant inquiry is not whether the plaintiff can bring the same lawsuit abroad, but whether the foreign forum offers a remedy for the complained-of wrong. 236 F.3d at 1143–44. A foreign forum ordinarily is not inadequate merely because its remedies differ from those available in the United States. *Id.*; see also *Piper*, 454 U.S. at 247, 254 & n.22.

Defendant does not contend that *Lueck* eliminates questions concerning applicable law. Nor does Defendant ask the Court in this motion to determine which law governs every alleged online act or

whether Japanese law ultimately provides relief as to every work alleged in the Complaint. The narrower point is that adequacy does not require an identical United States cause of action.

Plaintiff correctly notes that *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764 (9th Cir. 1991), is not an identical copyright case. On appeal, Lockman did not challenge dismissal of its copyright counts. *Id.* at 766, 769–70. Defendant therefore does not rely on *Lockman* as holding that Japan is adequate for every United States copyright claim. Its relevance is narrower: the Ninth Circuit found Japan available and adequate on the record there despite differences between Japanese and United States causes of action and remedies. *Id.* at 768–70.

Nor does the absence of United States statutory damages in Japan establish inadequacy. *Piper* rejects an adequacy test that turns on whether foreign law is less favorable or supplies the identical range of relief. 454 U.S. at 247, 250–55.

*Creative Technology, Ltd. v. Aztech System Pte., Ltd.*, 61 F.3d 696 (9th Cir. 1995), is relevant only to a similarly limited proposition. It affirmed FNC dismissal of an action asserting a United States Copyright Act claim and rejected a categorical rule that the federal nature of such a claim requires adjudication in a United States federal court. *Id.* at 700–04. Defendant does not rely on *Creative Technology* to establish that Japanese law governs every alleged act here.

Taken together, *Piper*, *Lueck*, and the Japanese copyright provisions identified in Dkt. 20 and clarified above support the conclusion that Japan offers a potential avenue of redress for the type of reproduction and adaptation wrong alleged by Plaintiff. Defendant does not ask this Court to decide protection, ownership, territorial scope, infringement, or the precise relief that would ultimately be available in a Japanese proceeding.

## IV. THE PRIVATE-INTEREST FACTORS FAVOR JAPAN ON BALANCE

Plaintiff's forum choice is entitled to deference, but Plaintiff is a Japanese corporation litigating outside its home country. The usual inference that the selected forum is convenient therefore applies with less force. *Piper*, 454 U.S. at 255–56; *Lueck*, 236 F.3d at 1143. Less deference does not mean no

deference, and Defendant bears the burden of demonstrating that the overall balance supports dismissal.

**A. The Parties and Defendant's Relevant Conduct Are Centered in Japan.**

Plaintiff is headquartered in Tokyo. Defendant resides in Matsuyama. Compl. ¶¶ 1–2; Yamashita Decl. ¶ 2. COVER USA may have California connections, but it is not the plaintiff in this action.

Defendant's own relevant conduct occurred in Japan. The challenged videos were researched, scripted, edited, narrated, and uploaded by Defendant while he was physically located there. Yamashita Decl. ¶ 6. Defendant's underlying materials concerning the videos are principally Japanese-language materials. *Id.*

Defendant does not rely on unidentified unwilling Japanese third-party witnesses. The Japan-side considerations are instead the residence of the parties, the location of Defendant's conduct, and the Japanese-language factual record.

Plaintiff argues that Defendant's ECF filings demonstrate that California has not been inconvenient. Opp. at 12–13, 18. But the sworn record states that Japanese is Defendant's primary language and that he requires substantial translation assistance to prepare and understand complex federal-court filings. Yamashita Decl. ¶ 3. The fact that translated filings ultimately were submitted does not eliminate that burden.

**B. Google's Location Favors California, But It Does Not Resolve the Overall Balance.**

Defendant acknowledges Plaintiff's strongest California-side private-interest point: Google LLC is located in this District, and compulsory third-party process directed to Google is easier here. Opp. at 12–15. That consideration favors retention.

But the factual record is not confined to Google. Plaintiff itself submitted the copyright-removal requests. Compl. ¶ 16. Defendant's YouTube and email records contain materials concerning the removal, counter-notification, and restoration process, including the restoration notifications described in his declaration. Yamashita Decl. ¶¶ 7–12. The dispute also concerns the accused videos themselves and Defendant's conduct in creating and editing them.

Nor does Defendant contend that translation costs alone require dismissal. The point is cumulative: both parties are based in Japan, Defendant performed the relevant creation and editing activities there, the accused videos are Japanese-language videos, and Defendant's underlying materials are principally Japanese-language materials.

Google's California location should be weighed with those circumstances rather than treated as dispositive.

**V. THE DMCA COUNTER-NOTIFICATION DOES NOT CATEGORICALLY BAR FNC**

Defendant does not dispute that 17 U.S.C. § 512(g)(3)(D) required his counter-notifications to contain consent to the jurisdiction of the appropriate federal district court.

That statutory consent concerns personal jurisdiction; it does not categorically waive forum non conveniens.

In *Nexon Korea Corp. v. Ironmace Co.*, No. 23-35600, 2024 WL 3493002, at *2 (9th Cir. July 22, 2024) (unpublished), the Ninth Circuit affirmed FNC dismissal despite DMCA counter-notification consent and explained that the consent concerns personal jurisdiction. Defendant recognizes that *Nexon* is unpublished and nonprecedential and relies on it only to reject a categorical waiver rule.

Plaintiff's reliance on *Cordova* does not establish that a DMCA counter-notification categorically waives forum non conveniens. *Cordova* distinguished *Nexon* based on the circumstances and recognized the limited effect of consent to personal jurisdiction. *Cordova v. Huneault*, No. 5:25-cv-04685-VKD, Dkt. 117 at 12–13 (N.D. Cal. Apr. 20, 2026).

Plaintiff also invokes *Seedevice*'s "sword and shield" reasoning. Opp. at 11–12. There, the defendants sought dismissal while also invoking California's Anti-SLAPP statute and obtaining California-specific affirmative relief. *Seedevice Inc. v. Korean Broadcasting System*, No. 2:24-cv-07779-MWF-PD, 2025 U.S. Dist. LEXIS 97388, at *14 (C.D. Cal. Mar. 21, 2025). Defendant here has not filed and obtained relief on a California Anti-SLAPP motion. Preserving defenses in an Answer is not equivalent to obtaining that affirmative California remedy.

## VI. THE RESTORATION HISTORY DOES NOT SUPPORT PLAINTIFF'S CATEGORICAL DESCRIPTION

Plaintiff states that dismissal "would restore the accused videos." Opp. at 17. Dkt. 20-1, however, states that Defendant received separate restoration notifications relating to all 56 counter-notified videos, with the final notification dated February 19, 2026. Yamashita Decl. ¶¶ 8–11. Those notifications reported that the identified videos had been restored unless Defendant had deleted them himself. *Id.* ¶ 9.

Defendant does not ask the Court to determine the videos' current platform status, any future platform action, or Plaintiff's ultimate entitlement to injunctive relief. The narrower point is that Plaintiff's categorical statement that dismissal "would restore" the videos does not account for the restoration history already in the Dkt. 20 record.

## VII. THE PUBLIC-INTEREST FACTORS REFLECT SUBSTANTIAL JAPANESE CONNECTIONS

The United States and California have genuine interests in this dispute. Plaintiff invokes the United States Copyright Act and United States registrations; Google/YouTube is located in this District; and this Court is more familiar with United States copyright law. Those considerations favor retention.

Japan nevertheless has substantial and direct connections to the controversy. Plaintiff and Defendant are both based there. Defendant undertook the creation and editing conduct challenged by Plaintiff there. The underlying videos and Defendant's materials are principally Japanese-language materials. Japan therefore has an interest in a dispute between two Japan-based parties arising in significant part from conduct undertaken in Japan.

Defendant does not contend that the United States interests disappear. The question is the combined balance of those interests with the private-interest factors and the reduced—but not eliminated—deference owed when a foreign plaintiff chooses a forum outside its home country.

That overall balance supports adjudication in Japan.

## VIII. CONCLUSION

Defendant expressly undertakes that, following an FNC dismissal, he will accept lawful service and

will not contest personal jurisdiction in a competent Japanese court. The present record does not establish a concrete limitations problem requiring an advance blanket waiver; if the Court identifies a specific limitations concern requiring a condition, Defendant requests an opportunity to address its scope and wording.

Under *Piper* and *Lueck*, adequacy does not require Plaintiff to reproduce this exact United States action abroad. The Japanese copyright provisions identified in Dkt. 20 and clarified in response to the Opposition support the conclusion that Japan offers a potential avenue of redress for the type of wrong alleged.

Considering the residence of both parties, Defendant's Japan-based conduct, the Japanese-language factual record, Plaintiff's status as a foreign plaintiff, and the acknowledged California connections, Defendant respectfully requests that the Court grant Dkt. 20 and dismiss this action without prejudice on forum non conveniens grounds, subject to the service and personal-jurisdiction undertaking stated above and any appropriate condition the Court determines is necessary.

Dated: September 23, 2026

Respectfully submitted,

/s/ Masaki Yamashita
**Masaki Yamashita**
Defendant Pro Se