UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COVER CORPORATION,
Plaintiff,

v.

MASAKI YAMASHITA,
Defendant.

Case No. 26-cv-01117-JD

**ORDER RE DISMISSAL**

Plaintiff Cover Corporation "is a Japanese entertainment company" that "supports online streamers who use virtual avatars ('VTubers')." Dkt. No. 1 ¶ 7. Cover "owns" and "maintains intellectual property rights to the avatars used by the VTubers, as well as the resulting work product" and "has registered over 100 of these avatar characters with the U.S. Copyright Office." *Id.* ¶ 9. Cover sued pro se defendant Masaki Yamashita, a Japan-based YouTube creator, alleging that he "uploaded video content that infringes the [Cover] Characters onto his YouTube channel." *Id.* ¶ 14. Cover alleges violations of the Copyright Act, claiming that 68 different videos infringed its copyrights on 20 different characters. *Id.* ¶ 14-22.

Yamashita asks to dismiss on the basis of *forum non conveniens*. Dkt. No. 20. He says that the case involves parties based in Japan, conduct that occurred in Japan, and evidence that primarily will be located in Japan and written in Japanese. *Id.* Yamashita urges that Japanese courts are the appropriate forum for this dispute. *Id.*

Cover opposes dismissal on grounds that its choice of this Court as the forum is entitled to deference, Japan is not an adequate forum, and that other factors favor keeping the case here. Dkt. No. 24. The parties' familiarity with the record is assumed. The case is dismissed.

The doctrine of *forum non conveniens* is "a supervening venue provision" that permits the Court to decline jurisdiction when an alternative forum abroad would be a better location for the

United States District Court
Northern District of California

litigation. *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (internal citation omitted). The Court may dismiss a case under the doctrine "when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Id.* at 429 (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994)). Application of the doctrine is entrusted to the Court's sound discretion. *American Dredging*, 510 U.S. at 455.

Although a "defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum," this presumption "applies with less force" when, as here, plaintiff's "choice is not its home forum." *Sinochem*, 549 U.S. at 430 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)); *see also Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001) ("a foreign plaintiff's choice of forum merits less deference than that of a plaintiff who resides in the selected forum, and the showing required for dismissal is reduced."). In such cases, if "the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 767 (9th Cir. 1991) (quoting *Piper Aircraft*, 454 U.S. at 255 n.23); *see also Lueck*, 236 F.3d at 1145.

"A party moving to dismiss on grounds of forum non conveniens must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009) (internal citation omitted).

As our circuit has stated, the private interest factors "include (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of hostile witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive." *Id.* (internal citation omitted).

The public interest factors include "(1) administrative difficulties flowing from court

congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law." *Id.* (internal citation omitted); *see also Lueck*, 236 F.3d at 1145-47 (listing similar factors).

Forum non conveniens "is a non-merits ground for dismissal." *Sinochem*, 549 U.S. at 432 (internal citation omitted). This means that the Court may grant dismissal while "bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.*

While it is certainly true that dismissal on *forum non conveniens* grounds should "be employed sparingly," *Glob. Commodities Trading Grp. v. Beneficio de Arroz Choloma*, S.A., 972 F.3d 1101, 1111 (9th Cir. 2020) (internal citation omitted), this case is tailor made for it. The nub of this case is entirely outside the United States and this judicial district. It concerns a content creator in Japan, the intellectual property of a Japanese company, and allegedly infringing videos that go mainly to a Japanese audience. There is no material aspect of this case that is not bound to Japan.

Consequently, Japan is an eminently appropriate forum for this dispute. Cover suggests there may be personal service and jurisdiction problems in Japan, but Yamashita states that he is amenable to process in Japan and will not contest personal jurisdiction there. Dkt. No. 26 at 2. Cover says that Japan is an inadequate forum because it does not provide a remedy for "infringement of works registered with the United States Copyright Office, distributed on a United States platform, through a United States statutory notice-and-takedown scheme." Dkt. No. 24 at 9. It also says that Yamashita has not carried his burden to show "that the remedies actually available in [Japan] are satisfactory for the claims actually pleaded." *Id.* at 10. But Cover is not entitled to "the same range of remedies as are available in the home forum." *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 702 (9th Cir. 1995). Cover also acknowledges, albeit rather grudgingly, that Japan provides meaningful remedies for copyright infringement under articles 112 and 114 of its copyright code. Dkt. No. 24 at 9. Cover's theory that Yamashita must establish

that a Japanese court would apply all aspects of American copyright law is misdirected. "The forum non conveniens doctrine does not guarantee the plaintiff its choice of law, or even that United States law will be applied in the alternative forum." *Creative Tech.*, 61 F.3d at 701; *see also Piper Aircraft*, 454 U.S. at 247 ("[t]he possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry."). The "inability to assert" a specific federal claim is not the same thing as having "no remedy at all." *Lockman*, 930 F.2d at 769.

For the private and public interest factors, not all of them are germane to every case. The Court will address the factors that apply here.

The private interest factors in this case weigh in favor of dismissal. Documents and other potential evidence of infringement in Yamashita's possession, for example his laptop, written work, storyboards, and the like, are located in Japan. Cover focuses on YouTube, which is in this District, to say that "archival copies of the infringing videos, the takedown notices, the counter notifications, the number of views on each infringing video, and the amount of revenue generated by each infringing video" are all located here. Dkt. No. 24 at 12. But Cover overlooks that much of this will also be available through Yamashita. Cover also knows how to get local evidence for use in Japanese proceedings. Cover has used 28 U.S.C. § 1782 in this District to obtain a subpoena in aid of a foreign proceeding seeking similar information from Google, YouTube's parent company, for litigation in Japan. See *In re Ex Parte Application of Cover Corporation*, No. 25-mc-80128, ECF No. 1 (Cover requesting a subpoena to Google in aid of a proceeding in Japan, and saying "[t]here are no known restrictions imposed by or any policies under the laws of Japan limiting U.S. federal court judicial assistance, and courts of Japan are receptive to assistance in discovery by U.S. federal courts."); ECF No. 6 (granting the request). In addition, the presence of some evidence in the United States is not grounds for keeping a case here when the primary sources are overseas. *See Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 696 (9th Cir. 2009).

The availability of witnesses in this District poses a major concern. Although Yamashita might be compelled to testify here, if only to avoid a default judgment or other adverse consequence, it is well known that witnesses in Japan, including employees of Cover, cannot be

United States District Court
Northern District of California

compelled to give evidence if they elect not to cooperate. *See* Rule 45(c); United States Dept. of State, "Obtaining Evidence in Civil and Commercial Matters" in Japan, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Japan.html (last accessed Oct. 23, 2026) ("The U.S.-Japan Consular Convention does not provide a mechanism whereby Japanese courts may execute requests for compelled testimony.").

Even cooperative witnesses may be brought to the Court only at considerable expense for travel and lodging, and in personal inconvenience. Expenses would be exacerbated during trial or other evidentiary proceedings because the witnesses will be native speakers of Japanese who will need in-court translation services. Yamashita has stated that his primary language is Japanese and that he requires translation assistance to communicate in English. Dkt. No. 20 at 13. Yamashita also stated that his materials, scripts, and videos are in Japanese. *Id.* at 12. The Court knows from first-hand experience that trying cases with Japanese-language witnesses through translators is a laborious, time-consuming, and expensive endeavor.

The public interest factors also weigh against litigation in this District. Yamashita demonstrated, without meaningful dispute by Cover, that there is little if any local interest or stake in the events alleged in the complaint. Cover says that the "United States has a substantial interest in adjudicating disputes arising under its federal statutes governing online conduct." Dkt. No. 24 at 18. But there is no connection to the United States here aside from the Copyright Act itself. That is not enough. The public interest factors speak to the nature of the controversy, not the underlying law. Even if a claim might arise under U.S. copyright law, the United States' interest in a dispute will remain "extremely attenuated," when the underlying case is essentially foreign. *Creative Tech.*, 61 F.3d at 704. Cover's suggestion that the case should be litigated here because the videos were posted on YouTube is a massive generalization of no moment for the *forum non conveniens* analysis. Almost anything could be justified when painted in such broad strokes, especially given how much of global internet activity is done through American-based products and services.

Burdening a jury in this District with all of this makes little sense. Time and again, the Court has been awed by the conscientiousness of jurors in this District, who are asked to drop

United States District Court
Northern District of California

everything on a moment's notice to decide civil and criminal cases of often great complexity. Even so, a local jury would understandably struggle with being asked to sit for a trial that involves purely foreign parties and events in foreign lands, and is presented largely in a foreign language that requires translation. It may be that the Court has greater familiarity with the federal laws featured in the complaint, but that is merely because Cover chose to invoke the laws of this forum.

Overall, Yamashita has carried his burden of demonstrating that a forum in Japan is a better location for litigating this dispute. Consequently, the case is dismissed.

**IT IS SO ORDERED.**

Dated: October 26, 2026

JAMES DONATO
United States District Judge